| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JESSIE HAYNES, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:15-CV-437 |
| § | |
| CORY CRENSHAW, WAYNE REAUD, § | |
| MICHAEL NEIL, MICHAEL GETZ, § | |
| and JERRY JORDAN, § | |
| § | |
| Defendants. § | |

**MEMORANDUM ORDER ON REPORT AND RECOMMENDATION**

Pending before the court is Plaintiff Jessie Haynes's ("Haynes") Objections to the Magistrate Judge's Report and Recommendation (#47). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#22). On January 22, 2015, Judge Giblin issued a report and recommendation in which he recommended that the court grant Defendant Wayne Reaud's ("Reaud") motion to dismiss under the Texas Civil Practice and Remedies Code § 27.001 *et seq.* (#12). Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings should be accepted.

I.  Background

Haynes is the former Communications Director of Beaumont Independent School District ("BISD"). She asserts that she is the victim of an extensive, decade-long conspiracy, led by Reaud, to prevent African-American individuals in Beaumont from gaining power and influence

in order to perpetuate "white dominion over Beaumont local politics." The facts underlying Haynes's claims are addressed in further detail in Judge Giblin's report and recommendation.

Haynes filed suit on July 30, 2015, in the United States District Court for the Eastern District of Texas, Marshall Division. Haynes has since amended twice, with the last occurring on September 9, 2015. Upon Defendants' motion, the case was transferred to the Beaumont Division on November 6, 2015. Haynes asserts claims of assault against Defendant Michael Neil ("Neil") and Racketeer Influenced and Corrupt Organizations Act ("RICO") racketeering under 18 U.S.C. § 1962(c) and RICO conspiracy under 18 U.S.C. § 1962(d) against Defendants Neil, Cory Crenshaw ("Crenshaw"), Jerry Jordan ("Jordan"), Michael Getz ("Getz"), and Reaud.[1] Specifically against Reaud, Haynes alleges claims of RICO racketeering and RICO conspiracy.

Before the case was transferred to Beaumont, Reaud timely filed a motion to dismiss, asking the court to dismiss Haynes's claims against him under the Texas Citizens Participation Act ("TCPA"), TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*. Judge Giblin held an oral hearing on the issue on January 14, 2016. Haynes's claims in this case are largely identical to her claims in another case before the court, *Walker et al. v. Beaumont Independent School District et al.*, Civil Action No. 1:15-CV-379, which was filed on July 30, 2015. Both parties incorporated their arguments and responses from *Walker* in their submissions regarding Reaud's motion to dismiss. Haynes, however, filed separate objections to the magistrate judge's report and recommendation for this case. Reaud filed a response to Haynes's objections on February 10, 2016. Haynes objects to the magistrate judge's report on four grounds: (1) the Federal Rules of Civil Procedure

---

[1] Haynes labeled her claims as racketeering under 18 U.S.C. § 1962(a) and conspiracy under 18 U.S.C. § 1962(c). It is clear from the language of the complaint, however, that Haynes has simply mislabeled the referenced RICO statutes.

2

("FRCP") do not permit the court to dismiss Plaintiffs' claims at this stage of the proceedings; (2) the TCPA cannot be used to dismiss federal causes of action in a federal court; (3) Haynes has otherwise provided sufficient evidence of her claims; and (4) Reaud cannot be dismissed from the case because he is jointly and severally liable as a member of a RICO conspiracy and civil conspiracy under Texas law.

II. Discussion

    A. Dismissal of Plaintiffs' Claims at This Stage of Proceedings

Haynes first objects that the court cannot dismiss her claims under the TCPA at this stage of the proceedings because to do so would conflict with FRCP 12 and 56. FED. RS. CIV. P. 12, 56. Haynes cites *Mitchell v. Hood* and *Adelson v. Harris* in support of her position.[2] This is a new argument that was not presented to the magistrate judge, and, thus, is not properly before the court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013) ("[E]vidence and arguments presented for the first time upon objection to a report and recommendation need not be considered."). Until the filing of her objections, Haynes had not contested the applicability of the TCPA to her claims at this or any stage of the proceedings, despite submitting numerous briefs regarding the TCPA in response to Reaud's motion in this and the related *Walker* case. In fact, Haynes even agreed to an expedited hearing to determine whether the TCPA required that her

---

[2] *Mitchell v. Hood*, 614 F. App'x 137 (5th Cir. 2015); *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014).

claims be dismissed.  Further, Haynes expressly conceded to Judge Giblin at the oral hearing that the TCPA applied to all of her claims in this case, including her claims of RICO racketeering and RICO conspiracy.  *See Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996) (citations omitted) ("The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.").  Therefore, the court declines to consider her argument now.

Even if the court were to consider Haynes's new theory, she would not prevail on her objection.  As noted in the magistrate judge's recommendation, the TCPA is enforceable in a federal court sitting in diversity jurisdiction.  *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014); *see NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014) (applying TCPA); *see also Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012) (holding that Louisiana's nearly identical anti-SLAPP[3] statute was enforceable in a federal court sitting in diversity jurisdiction) (citing *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009)).  Haynes now objects to the application of the TCPA to her claims on the grounds that the court cannot use the TCPA to dismiss claims "at the pleading stage," citing *Mitchell v. Hood* in support of her contention that the Fifth Circuit has decided that anti-SLAPP provisions cannot be applied because they conflict with the FRCP.  *See Mitchell*, 614 F. App'x at 137.  *Mitchell*, however, in no way supports Haynes's argument.  *Id*. at 140 n.1 (noting only that federal courts of appeals disagree as to whether anti-SLAPP provisions apply in federal court and stating "[b]ecause we decide this case

---

[3] Statutes such as the TCPA are commonly referred to as "anti-SLAPP" statutes, which is an acronym for "strategic litigation against public participation."  *NCDR, L.L.C.*, 745 F.3d at 746 n.3.

on alternative [federal-law] grounds, we need not decide whether Louisiana's anti-SLAPP law is appropriately asserted in a federal diversity case."). Haynes's use of *Adelson v. Harris* is similarly unpersuasive. *See Adelson*, 774 F.3d at 803. In *Adelson*, the United States Court of Appeals for the Second Circuit held that Nevada's anti-SLAPP provision generally applied in federal courts sitting in diversity jurisdiction. *Id.* at 809 (but noting that some circuits, such as the United States Court of Appeals for the District of Columbia, have held that anti-SLAPP provisions do not apply in federal court) (citing *Abbas v. Foreign Policy Grp., L.L.C.*, 783 F.3d 1328, 1334 (D.C. Cir. 2015)). The *Adelson* court, however, did not hold that a plaintiff's claim could not be dismissed "at the pleading stage," and, in fact, declined to decide whether the mandatory stay on discovery required by Nevada's anti-SLAPP law conflicted with FRCP 56 because the district court in the case had appropriately stayed discovery under FRCP 56, not under Nevada law. *Id.*

Here, although the parties have not conducted discovery in this case, Haynes did not seek limited discovery under the TCPA and agreed to Reaud's motion to hold an expedited hearing. *See* TEX. CIV. PRAC. & REM. CODE § 27.006(b) (West 2015) (allowing limited discovery upon a showing of good cause). Therefore, the court is unpersuaded by Haynes's argument and finds that it may dismiss her claims under the TCPA at this stage of the litigation. Haynes's objection is overruled.

### B.   The TCPA's Application to Federal Causes of Action

As stated above, Haynes previously conceded on oral hearing that the TCPA applied to her causes of action against Reaud, including her claims of RICO racketeering and RICO conspiracy. This concession was in response to Judge Giblin's direct question on the matter. Accordingly, the magistrate judge held that Reaud had met his burden of establishing by a

preponderance of the evidence that the TCPA applied to Haynes's causes of action. Now, however, Haynes contends that the TCPA cannot be used to dismiss federal claims asserted through a court's federal-question jurisdiction and has cited a number of supporting cases from the United States Court of Appeals for the Ninth Circuit. *E.g.*, *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Because, however, this is the first time that Haynes has contested the issue—and, in fact, advanced the opposite position at the oral hearing—Reaud has not been afforded an opportunity to brief or argue the issue, and the applicable Fifth Circuit precedent is unsettled. Therefore, the issue of whether the TCPA can be applied to Haynes's RICO claims is not properly before this court. Haynes's objection is overruled.

   C. <u>Haynes's Claims of Defamation, RICO Racketeering, and RICO Conspiracy</u>

  Finally, Haynes objects to Judge Giblin's dismissal of her claims on the grounds that she has provided clear and specific evidence to support those claims as required by the TCPA. First, Haynes objects to Judge Giblin's dismissal of her claims of defamation against Reaud. Haynes, however, has not asserted an individual defamation claim against Reaud. Her complaint in this matter and related Fourth Amended Complaint (#144) in *Walker* do not identify *any* specific statement by Reaud regarding Haynes. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (outlining the elements of defamation under Texas law). Further, Haynes's representation to this court in her objections that the complaint (#4) states that Reaud directed Neil, Jordan, and Getz to publish defamatory statements about Haynes and that Reaud participated in a march at BISD where he chanted "Fire Jessie Now" is simply unfounded. A close review of that pleading reveals that Haynes did not, in fact, make these statements in her live pleading and, therefore, her objections misrepresent what she is actually claiming in this regard.

Additionally, even if Haynes had properly pleaded a separate claim of defamation against Reaud, she has not provided clear and specific evidence of any of the elements of defamation as required by the TCPA. *Id.* at 591 ("In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss."). Haynes's objection on this issue is overruled.

Second, Haynes objects to the magistrate judge's finding that she failed to provide clear and specific evidence of RICO predicate acts necessary to sustain her claim of RICO racketeering. In support, she refers the court back to her complaint and the evidence that was before Judge Giblin at the time he issued his report and recommendation. Judge Giblin, however, determined as a matter of law that none of the purported RICO predicate acts listed in Haynes's complaint were RICO predicate acts. 18 U.S.C. § 1961. Haynes has not explained how this finding was in error and, conducting a *de novo* review of the record and the applicable law, the court agrees with the magistrate judge that Haynes has failed to provide clear and specific evidence of any RICO predicate acts. Haynes's objection is overruled.

Third, Haynes objects to the magistrate judge's finding that Haynes failed to provide clear and specific evidence that Reaud knew of and agreed to participate in a RICO conspiracy. To prevail on a RICO conspiracy claim, a plaintiff must establish "an agreement involving each of the Defendants to commit at least two predicate acts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139-40 (5th Cir. 1992); *see* 18 U.S.C. § 1962(d); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010); *Marina Dist. Dev. Co., LLC v. Ivey*, 93 F. Supp. 3d 327, 341 (D.N.J. 2015) (citing *United States v. Phillips*, 874 F.2d 123, 127 n.4 (3d Cir. 1989));

7

*United States v. Marcello*, 537 F. Supp. 1364, 1379 (E.D. La. 1982), *aff'd sub nom. United States v. Roemer*, 703 F.2d 805 (5th Cir. 1983). Further "a RICO plaintiff must plead the specified facts as to each defendant. [She] cannot. . . 'lump[ ] together the defendants.'" *In re MasterCard Int'l, Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002) (quoting *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1988)). Additionally, "a person cannot be held liable for a RICO conspiracy 'merely by evidence that he associated with other . . . conspirators or by evidence that places the defendant in a climate of activity that reeks of something foul.'" *Chaney*, 595 F.3d at 239 (quoting *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998)) (citing *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534 (5th Cir. 2007)). Judge Giblin determined that Haynes's proffered evidence of Reaud's agreement—that he attended her trial and is Crenshaw's godfather—was wholly insufficient to meet the TCPA's clear and specific evidence standard. The court agrees. Haynes's objection is overruled.

    D.    <u>Joint and Several Liability</u>

Finally, Haynes objects that the court cannot dismiss Reaud from the case because he is jointly and severally liable under Texas law for all of her claims because he is a member of a civil conspiracy. "A finding of civil conspiracy imposes joint and several liability on all conspirators for actual damages resulting from acts in furtherance of the conspiracy." *Energy Maint. Servs. Grp. I., LLC v. Sandt*, 401 S.W.3d 204, 220 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citations omitted). Haynes, however, has not pleaded a civil conspiracy against Reaud, much less met the clear and specific evidence standard required by the TCPA. *In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App.—Fort Worth 2013, pet. denied) (listing elements of civil conspiracy under

8

Texas law). The only claims she asserts against Reaud are RICO conspiracy and RICO racketeering, both of which the court agrees with Judge Giblin should be dismissed. Therefore, there are no grounds for finding that Reaud is jointly and severally liable to Haynes. Her objection is overruled.

III.     Conclusion and Order

For the foregoing reasons, the court ORDERS that the report and recommendation (#41) is ADOPTED. Haynes's objections (#47) are OVERRULED. Based on these findings, the court further ORDERS that Reaud's motion to dismiss pursuant to the TCPA (#12) is GRANTED, and Haynes's claims against Reaud are DISMISSED in their entirety, with prejudice, as set out in Judge Giblin's report and recommendation.

**Signed this date.**

**Feb 10, 2016**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE